Y. PIERRE BRUNDIN, Appellant, v. CHARLES BLAUMERT, Respondent.— Order granting defendant's motion to set aside verdict unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

CITIZENS FINANCE CORPORATION, Appellant, v. YORK TRANSPORTATION, INC., Defendant. SELDEN SALES & SERVICE COMPANY OF NEW YORK, INC., Respondent. — Order denying plaintiff's motion to vacate that part of order and judgment which provides that plaintiff be debarred from maintaining against defendant Selden Sales & Service Company of New York, Inc., any further or other action based upon the particular claim set forth in the complaint, reversed upon the law, with ten dollars costs and disbursements, and motion to vacate to the extent sought, granted, without costs. The court had no power in this action to preclude plaintiff from beginning another action against defendant for the same cause. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of MARY ZAREMBA, Respondent, v. STANLEY KLEJMENT, Appellant.— Order of filiation of the Court of Special Sessions unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

FRANK CONTINI, Appellant, v. GIUSEPPE PAOLICELLI and ANTONETTA PAOLICELLI, Respondents.— Judgment and order of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

LOUIS DASKAL and ISIDOR FISHMAN, Doing Business as DASKAL & FISHMAN, Respondents, v. CORSAN CRACKER CO., INC., Appellant.— Order of Appellate Term, affirming order of the Municipal Court, unanimously affirmed, with ten dollars costs and disbursements. There is no inconsistency between the provisions of section 125 of the Municipal Court Code,* as amended by Laws of 1923, chapter 769, and section 129, subdivision 2, of the Municipal Court Code, which provides that a motion to open a default and to vacate and set aside a judgment entered thereon must be made with due diligence, and in no event more than one year after the entry of judgment. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

MARY A. DENNERLEIN, Respondent, v. EMMA M. R. MARTIN, Appellant.— Interlocutory judgment affirmed, with costs. No opinion. Manning, Young, Lazansky and Hagarty, JJ., concur; Kelly, P. J., dissents, being of opinion that while a judgment directing an accounting and the return of the property might be proper if based upon a cause of action for breach of contract, he cannot agree that the evidence is sufficient to sustain the findings of fraud and misrepresentation on the part of defendant, appellant, in making the arrangement testified to, upon which the action is based.

ERDNA HOLDING CORPORATION, Respondent, v. GREEN CIRCLE, INC., J. ROMAINE BROWN COMPANY and DORIS M. SPINNEY, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

* Laws of 1915, chap. 279:— [REP.